Per Curiam.

Petitioner in this action raises issues both as to his 1960 indictments and the 1962 information.
Petitioner urges that he was denied a speedy trial on his 1960 indictments, and that, therefore, he is entitled to release.
There is no question that there was a delay of some 26 months between the time these indictments were returned by the Grand Jury and the time they were served on petitioner. A detainer on these indictments was placed on him on April 3, 1961, but petitioner contends that he did not hear of them until July 1961.
As petitioner urges, even though he was imprisoned at the time these indictments were returned, he was still entitled to a speedy trial thereon. State, ex rel. Lotz, v. Hover, Pros. Atty., 174 Ohio St., 68. However, it has been held many times that this right is one which demands affirmative action by the accused. State v. Cunningham, 171 Ohio St., 54.
Thus, an accused either may lose such right by failing to demand it or may waive it by entering a plea of guilty to the charge. Crider v. Maxwell, Warden, 174 Ohio St., 190; and Partsch v. Haskins, Supt., 175 Ohio St., 139. Petitioner not only took no affirmative action to secure a speedy trial on these indictments but when arraigned on them pleaded guilty without raising the issue of speedy trial. He has by his conduct waived any right to release on this ground.
Irrespective of this, however, the delay itself in the present instance was not unreasonable. The term, “speedy trial,” is *238 one of indeterminate meaning, and whether an accused has been deprived of his right to a speedy trial must be determined from all the facts and circumstances in each particular case. Where, as here, the accused was in the penitentiary at the time the indictment was returned against him, a delay of 26 months until he was released did not violate his right to a speedy trial.
It should be noted that one of the primary purposes of the rule as applied to persons in the penitentiary is to prevent the state from returning indictments against one for crimes which occurred prior to his incarceration and for which he could have been tried at the same time he was tried for the crime for which he is presently incarcerated and not draw his prosecutions out over an indefinite period of time.
This, however, is not the fact in the present instance. Petitioner while he was imprisoned at the London Prison Farm walked away therefrom on November 27, 1959, and the crimes for which he was indicted in January 1960 occurred while he was at large on November 28, 1959. Thus, one of the basic reasons for the rule is not applicable in petitioner’s case. He could not have been prosecuted for this crime at the same time he was tried on his 1959 indictment.
In relation to petitioner’s 1962 conviction on the information charging him with embezzlement, petitioner contends that this conviction was void because the information was not served upon him 24 hours prior to his arraignment. It is not necessary to decide whether such service was required in relation to in-formations in this case. It is well settled that any claimed defect in service must be raised prior to trial, or it is waived. Click v. Eckle, Supt., 174 Ohio St., 88; and Boyer v. Maxwell, Warden, 175 Ohio St., 318.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.